IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | |
|---|---|
| Michael Alonza Rufus, # 1000788776, )<br>)<br>)     Civil Action No. 6:14-3581-TLW-KFM<br>                    Petitioner,     )<br>)     **REPORT OF MAGISTRATE JUDGE**<br>     vs.                            )<br>)<br>Social Security Administration,        )<br>)<br>                    Respondent.   )<br>                                              ) | |

       This is a purported habeas corpus action concerning the petitioner's request to stop his participation in the Social Security system. The petitioner is a state prisoner confined at the Riverbend Correctional Center in Milledgeville, Georgia. The Riverbend Correctional Institution is a facility of the Georgia Department of Corrections. The Georgia Department of Corrections website (http://www.dcor.state.ga.us/GDC/OffenderQuery, last visited on Sept. 10, 2014) indicates that the petitioner is serving a ten-year sentence for possession with intent to distribute marijuana. The petitioner's conviction was entered in Walton County, Georgia, and the petitioner's incarceration began on April 11, 2012.

       In the above-captioned case, which is styled as a habeas corpus action under 28 U.S.C. § 2241, the petitioner has brought suit against the Social Security Administration ("SSA") to stop his participation in the Social Security system. The petitioner contends that he is a "private person" who has never knowingly, intentionally, or for "fair considerations" applied for Social Security benefits or for any other "record" used by a governmental entity as a "form of 'social contracting'" (doc. 1 at 1). The petitioner contends that his incarceration is Georgia is unconstitutional and void under the principles of *coram non judice*, which is a Latin phrase meaning "not before a judge" and is a term typically used to indicate a legal proceeding that is outside the presence of a judge (without a judge), with

improper venue, or without jurisdiction. The hearing transcript attached by the petitioner to the petition (*id.* at 12–19) indicates that the petitioner attempted to assert that the Georgia state court where he was convicted did not have jurisdiction to try him. The petitioner indicates that his mother, after the petitioner's birth in 1976, "completed an application for Participation in the Social Security Administration" (*id*. at 5). The petitioner does not disclose whether the application filed by his mother concerned Supplemental Security Income, survivor's benefits, or derivative benefits. The petitioner also states that he received a Social Security card when he was approximately eighteen years of age, but he did not understand that "he would be waiving, negotiating or renouncing his private character status" (*id*.). The petitioner also states that he has attempted to end his participation in the Social Security system by writing to the SSA but has been told that his "SSA benefits have been stopped since 1996" (*id*. at 6).

In his Grounds for Relief, the petitioner alleges or contends: (1) personal liberty is an absolute right, and his "liberty interest has been destroyed by his affiliation" with the Social Security Administration because he was a minor when his mother sought Social Security benefits on his behalf (*id*. at 7); (2) he has never been fully informed about the material facts relating "contracting" with the SSA and how this would affect his legal status nor was he ever advised or given the right "not to contract" with the SSA (*id*. at 8); (3) (*id* at 8.); and, (3) there is no valid contract between him and the SSA because no "lawful consideration" was given to him (*id*. at 9). The petitioner requests that his petition be granted and that he also be given the right to seek discovery (*id*. at 10).

Under established local procedure in this judicial district, a careful review has been made of the *pro se* petition pursuant to the procedural provisions the Anti-Terrorism and Effective Death Penalty Act of 1996 and other habeas corpus statutes. The petitioner is a *pro se* litigant, and thus his pleadings are accorded liberal construction. *See Erickson*

2

*v. Pardus*, 551 U.S. 89, 90–95 (2007)(*per curiam*). Even when considered under this less stringent standard, the Section 2241 petition is subject to summary dismissal.

The SSA is not the petitioner's custodian. The Warden of the Riverbend Correctional Institution is the petitioner's custodian. *Rumsfeld v. Padilla*, 542 U.S. 426, 434-35 (2004), therefore the SSA should be dismissed as a respondent.

The petitioner's request to stop his participation in the Social Security system cannot be granted by a federal district court. Participation in the Social Security system is mandatory. The Supreme Court has noted: "The design of the [Social Security] system requires support by mandatory contributions from covered employers and employees. This mandatory participation is indispensable to the fiscal vitality of the social security system." *United States v. Lee*, 455 U.S. 252, 258 (1982). In *United States v. Lee,* persons of the Amish faith challenged their mandatory participation in the Social Security system. The Supreme Court recognized that withholding of Social Security taxes conflicts with the Amish faith, but held that members of that group cannot avoid payment of such taxes on religious grounds if they voluntarily enter into commercial activity. While acknowledging that compulsory participation in the Social Security system facially infringed on the free exercise (religion) rights of the Amish, the Supreme Court upheld this limitation on religious liberty under strict scrutiny because mandatory participation in the Social Security system is essential to accomplish the overriding governmental interest of providing a comprehensive insurance system to the public. *Lee*, 455 U.S. at 257–58.

It is well-settled that Social Security "benefits are noncontractual benefits under a social welfare system and Congress has reserved the right to modify the scheme of benefits." *Davis v. Bowen*, 825 F.2d 799, 800 (4th Cir. 1987); *see also Bowen v. Public Agencies Opposed to Social Security Entrapment*, 477 U.S. 41, 51–56 (1986) (upholding provision preventing States [which had, years earlier, voluntarily elected to participate in the Social Security system] from withdrawing the Social Security system if they were

participating on the effective date of the Congressional modification of the system); and *Flemming v. Nestor*, 363 U.S. 603, 609–10 (1960) ("each worker's benefits, though flowing from the contributions he made to the national economy while actively employed, are not dependent on the degree to which he was called upon to support the system by taxation. It is apparent that the noncontractual interest of an employee covered by the act cannot be soundly analogized to that of a holder of an annuity, whose right to benefits is bottomed on his contractual premium payments").

The petitioner's challenges to his mandatory participation in the Social Security system are frivolous and without merit. Moreover, the above-captioned case is the second case filed by the petitioner in this district concerning his participation in the Social Security system. In *Michael Alonza Rufus v. Social Security, City of Camden, et al.*, Civil Action No. 3:12-3370-TLW-KFM, the petitioner on November 30, 2012, brought a civil rights action seeking to end his participation in the Social Security system. In a Report and Recommendation filed in that case on January 2, 2013, the undersigned recommended summary dismissal *without prejudice* of the case because participation in the Social Security system is mandatory, and the petitioner was "utilizing long-rejected contentions formerly advanced by tax protesters." *Rufus v. Social Security, City of Camden*, Civil Action No. 3:12-3370-TLW-KFM, 2013 WL 1945031, at *3 (D.S.C. Jan. 2, 2013), *adopted by* 2013 WL 1944993 (D.S.C. May 8, 2013). In the above-captioned case, this court may take judicial notice of Civil Action No. 3:12-3370-TLW-KFM. *See, e.g.*, *Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989).

Although the above-captioned case is purportedly styled as a Section 2241 habeas corpus action, it is subject to summary dismissal for the same reasons that Civil Action No. 3:12-3370-TLW-KFM was subject to summary dismissal. *Long v. Ozmint*, 558 F. Supp. 2d 624, 629 (D.S.C. 2008).

4

Accordingly, it is recommended that the district court dismiss the above-captioned petition *without prejudice*.  It is also recommended that the district court deny a certificate of appealability.  The petitioner's attention is directed to the Notice on the next page.

September 26, 2014                                          s/ Kevin F. McDonald
Greenville, South Carolina                              United States Magistrate Judge

**Notice of Right to File Objections to Report and Recommendation**

The petitioner is advised that he may file specific written objections to this Report and Recommendation with the District Judge.  **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.**  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (*quoting* Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Robin L. Blume, Clerk of Court
United States District Court
300 East Washington Street — Room 239
Greenville, South Carolina 29601**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).